FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 19 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SAMUEL ESPINOZA, | No. 07-55121 |
| Petitioner - Appellant, | D.C. No. CV-05-02724-GPS |
| v. | |
| SCOTT KERNAN, | MEMORANDUM [*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
George P. Schiavelli, District Judge, Presiding

Argued and Submitted January 11, 2010
Pasadena, California

Before: GOODWIN, CANBY and O'SCANNLAIN, Circuit Judges.

Samuel Espinoza appeals the denial of his habeas corpus petition

challenging his state conviction for second-degree murder. This court granted a

certificate of appealability limited to two issues: (1) whether Espinoza's due

process rights were violated when the trial court misadvised the jury regarding the

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

elements of voluntary manslaughter, and (2) whether there was insufficient evidence to convict him of second-degree murder. 28 U.S.C. § 2253(c)(3). Both issues concern state law and were thoroughly analyzed and decided by the California Court of Appeal with review denied by the California Supreme Court.

Because state-court factual determinations "are presumed correct absent clear and convincing evidence to the contrary . . . a decision adjudicated on the merits in state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003) (citations omitted). The district court determined that Espinoza was not entitled to federal habeas corpus relief because the state trial court's instructional error was not prejudicial to him. The trial evidence showed that it was reasonable for the jury to conclude that Espinoza was not acting in self defense, defense of his brother, or heat of passion under state law but that his actions showed an intent to kill, qualifying for second-degree murder. The instructional error did not have a "substantial and injurious effect or influence in determining the jury's verdict" and does not constitute a due process violation requiring reversal. *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993) (citation and internal quotation marks omitted).

2

The sufficiency of the evidence to support Espinoza's second-degree murder conviction survives review if "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The return of Espinoza and his brother to the residence of the victim, Alex Perez, with loaded guns to redress disrespectful conduct between rival gang associates showed them to be aggressors and evidenced an intent to use deadly force. A rational juror could find that Espinoza did not act in the heat of passion or in self defense or defense of his brother when he shot and killed Perez. Espinoza has not proved that the state court's application of the *Jackson* standard was "objectively unreasonable." *Juan H. v Allen*, 408 F.3d 1262, 1275 n.13 (9th Cir. 2005) (citation and internal quotation marks omitted).

**AFFIRMED.**